UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIDIER ADRIAN GOMEZ-ESTUPINAN,

v.   Case No. 8:04-cr-84-T-24TGW
         8:05-cv-1982-T-24TGW

UNITED STATES OF AMERICA.

## O R D E R

This cause is before the Court on Defendant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence (Doc. cv-1; cr-311).

### BACKGROUND

On May 28, 2004, Defendant pled guilty to count one of a two-count Indictment pursuant to a written plea agreement that contained a waiver of appeal. The waiver states:

> The defendant understands and acknowledges that defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines. Defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole. Knowing these facts, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground, except for an upward departure by the sentencing judge or a sentence above the statutory maximum or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(Plea Agreement, Doc. cr-90, p. 11, ¶ 5).

Count one charged that from an unknown date through on or about February 27, 2004, while on board a vessel subject to the jurisdiction of the United States, the

Defendants:

> each of whom was first brought into the United States at a point in the Middle District of Florida, did knowingly and willfully conspire and agree, together and with other persons both known and unknown to the grand jury, to distribute five (5) kilograms or more of mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance, contrary to the provisions of Title 46, Appendix, United States Code, Section 1903(a).
>
> All in violation of Title 46, Appendix, United States Code, Section 1903(j); Title 46 Appendix United States Code, Section 1903(g); and Title 21 United States Code, Section 960(b)(1)(B)(ii).

(Doc. cr-1).

On August 31, 2004, the Court sentenced Defendant to 135 months incarceration. Count two of the Indictment was dismissed on the Government's motion. Judgment was entered. (Doc. cr-161). The Court granted the Government's motion for reduction of Defendant's sentence for timely notification of intent to enter a plea of guilty. (Doc. cr-160).

On September 2, 2004, Defendant filed a Notice of Appeal. On May 12, 2005, the United States Court of Appeals for the Eleventh Circuit dismissed the appeal. (Doc. cr-291). The Eleventh Circuit found that the Defendant knowingly and voluntarily waived his right to appeal his sentence on the ground he asserted in the appeal.

On October 13, 2005, Defendant signed the present timely-filed motion to vacate, set aside, or correct the his allegedly illegal sentence. Defendant raises one ground for relief. Defendant alleges that counsel was ineffective for failing to urge "upon this Court to apply safety valve" in his case.

In his memorandum in support of the motion to vacate, Defendant alleges

> Because it is undisputable that Petitioner qualified for the safety valve; undisputable that counsel failed to urge such relief upon this Court at sentencing; undisputable that Petitioner waived his right to request this relief at sentencing, Petitioner's sentence must be vacated due to counsel's

ineffectiveness. A resentencing, with a more competent counsel, must be ordered under the circumstances.

(Doc. cv-2, p. 2; cr-312, p. 2).

Ground one has no merit for two reasons. First, the Court did apply the safety valve. (Doc. cr-230, pp. 12-13). Second, in <u>Williams v. United States</u>, 396 F.3d 1340 (11th Cir. 2005), the Eleventh Circuit considered an appeal waiver containing the same language as that contained in Defendant's appeal waiver. Having considered the language in Williams' waiver, the Eleventh Circuit held that a valid sentence appeal waiver, "entered into voluntarily and knowingly pursuant to a plea agreement, precluded movant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." <u>Williams</u>, 396 F.3d at 1341-1342.

In his section 2255 motion, Defendant does not allege that his plea was not knowingly and voluntarily entered. Therefore, his claim in ground one fails under the holding in <u>Williams</u>.

Accordingly, the Court orders:

That Defendant's motion to vacate (Doc. cv-1; cr-311) is denied, with prejudice. The Clerk is directed to enter judgment against Defendant Gomez-Estupinan in the civil case and to close that case.

ORDERED at Tampa, Florida, on October 28, 2005.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

AUSA: Anthony Edward Porcelli
Pro se: Didier Adrian Gomez-Estupinan